IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,571-01






EX PARTE JAMES EDWARD MCGRUDER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2004-110 IN THE 22ND DISTRICT COURT


FROM COMAL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm and sentenced to sixty years' imprisonment. The Third Court of Appeals
affirmed his conviction. McGruder v. State, No. 03-04-00265-CR (Tex. App.-Austin, delivered
December 2, 2004, pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he described Applicant as a felon during closing arguments and failed to request instructions
on mistake and necessity, and to object when the State improperly impeached Elizabeth Rocke. 

 Without entering findings of fact, the trial court recommended that we deny Applicant's
claims. We believe, however, that Applicant has alleged facts that, if true, might entitle him to relief.
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall accordingly provide trial counsel with a second opportunity to respond
to Applicant's claims, specifically, the claim that counsel failed to object to the State's impeachment
of Rocke. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
In the appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and if the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether the performance of Applicant's
trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
The trial court shall also forward a copy of the reporter's record to this Court. The trial court shall 
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed:


September 12, 2007

Do not publish